REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator DeCamp:
This is in reply to your inquiry which pertains to LB 465 of the Eighty-eighth Legislature, First Session (1983). That legislative bill, as amended, is an act to amend Neb.Rev.Stat. § 79-801 (Reissue 1981). In connection therewith, you have asked two questions, each of which is hereinafter discussed.
1. Does the decision for determination of school district boundary changes and school property disposition lie solely with the school boards of the districts in which there lies territory included in a municipal annexation?
LB 465, as amended, provides, in part, that the territory within the corporate limits of each incorporated city or village in the State of Nebraska, together with such additional territory and additions to such city or village as may be added thereto, as declared by ordinances to be boundaries of such city or village, having a population of more than one thousand and less than one hundred thousand inhabitants, including such adjacent territory as now is or hereinafter may be attached for school purposes, shall constitute a school district of the third class;
 Provided, that where the territory annexed by a change of boundaries of such city has been part of a Class IV, V, or VI school district for more than one year prior thereto, having been annexed by petition, the question as to which district the annexed territory shall be part of shall be negotiated by the school boards of the school districts involved. If the majority of the members of each school board cannot reach agreement on such question within ninety days after the effective date of the city annexation ordinance, the question of which school district the annexed territory shall be a part of shall be placed on the ballot for the next general election.
Thus, it appears that the determination of school district boundary changes and school property disposition pursuant to LB 465, as amended, would not lie solely with the school boards of the districts in which there lies territory included in a municipal annexation, but in a proper case, would lie with the electorate.
2. In the case of annexation into a Class VI school district, would all Class I districts making up the Class VI district have a voice on changes in that district's boundaries or in the disposition of property belonging to the Class VI district?
No. In cases where the question is placed on the ballot for a determination as to which school district the annexed territory shall be a part of, LB 465, as amended, provides `The registered voters of all Class I districts which form the annexed territory shall then vote on the question at such election.'
Very truly yours, PAUL L. DOUGLAS Attorney General Harold Mosher Assistant Attorney General